# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8766 | **DATE** | 6/21/2004 |
| **CASE TITLE** | Thompson vs. Solo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants Thompson's motion for costs of service (5-1). Defendant Miriam Solo is directed to pay plaintiff's counsel $150 within seven days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 2 8 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 19 |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials OR | 2004 JUN 27 AM 11:18 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARISSE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03 C 8766 |
| | ) | |
| MIRIAM SOLO, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JUN 2 8 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Charisse Thompson moved to recover the costs of service from Miriam Solo after Solo failed to return Thompson's two requests for waiver of service. For the reasons stated below, the Court grants Thompson's motion.

### Background

Thompson claims that after she filed suit, her attorney's paralegal made phone contact with Solo on December 4, 2003 to inform her of the lawsuit filed against her and to ask if Solo would accept a waiver of service via fax. Thompson states that a request for waiver of service was sent both via certified and regular mail. Counsel later noticed that his office never received return service from the US Post Office for the certified mail. Thompson sent another request for waiver of service to Solo. Thompson claims, and Solo does not deny, that Solo failed to respond to either request by the stated deadlines.

After Solo failed to respond, Thompson hired a process server to effectuate service on Solo. Based on an invoice from MJS Investigations, it appears that a process server attempted to

make contact at Solo's residence. The process server returned and spoke to Solo's husband, who claimed Solo was not at home. The process server returned twice more, making no contact. On February 16, 2004, the process server again encountered Solo's husband, who stated that Solo was not home. The process server noted that she heard a female voice in the background and believed that "the subject was avoiding . . . . and refused to come to the door to except [sic] the summons and complaint." Thompson Mot., Ex. B. After February 16, 2004, Thompson had the process server investigate possible alternate addresses. The process server served Solo personally with a summons and complaint on February 20, 2004 at an alternate address. Per the process server's invoice, the total cost of service was $150: $50 for the attempted service at Solo's residence; $50 for the investigation; and $50 for the successful service.

Solo makes two arguments in response to Thompson's motion. First, Solo states that she filed an appearance and motion to dismiss on February 13, 2004 and "immediately sent notice thereof" to Thompson; she claims there was no need for service of process and that Thompson's motion for costs should be denied. The Court notes that the certificate of service attached to Solo's motion omits the date on which the appearance and motion were served. Second, Solo says that Thompson has not shown proof that the request for waiver of service was sent via certified mail. Solo does not provide any reason for her failure to respond to the requests for waiver of service.

## Discussion

A plaintiff is entitled to request a waiver of formal service from an individual defendant located in any United States judicial district. *See* Fed. R. Civ. P. 4(d) & (e). If the defendant fails to comply with a waiver of service without good cause, the defendant must bear the costs

incurred by the plaintiff in effectuating formal service. *See* Fed. R. Civ. P. 4(d)(5). Forcing non-cooperative defendants to pay the costs of service encourages elimination of such costs. *See* 4A C. Wright & A. Miller, Federal Practice and Procedure § 1092.1 (3d ed. 2002).

When a defendant fails to comply with a request for waiver of service, the plaintiff must serve the defendant with summons. *See Reavley v. Toyota Motor Sales US Corp.*, No. 00 C 3676, 2001 WL 127662, at *6 (N.D. Ill. Feb. 14, 2001). Under Fed. R. Civ. P. 4(e)(2), a plaintiff may serve an individual (1) "pursuant to the law of the state in which the district court is located, or in which service is effected," or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein." Illinois law likewise requires summons to be served by leaving a copy of the summons with the defendant personally, or at the defendant's usual place of abode with a family member or other person residing there who is at least 13 years old. 735 ILCS 5/2-203(a).

The defendant has "a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). Thus, a defendant who fails to return a waiver of service form must bear the costs of formal service, including fees paid for unsuccessful and successful attempts at service. *See, e.g., United States v. Nuttall*, 713 F. Supp. 132, 138-39 (D. Del. 1989). *See also Morales v. Si Diamond Tech., Inc.*, 1999 WL 144469, at *1-2 (S.D.N.Y. Mar. 15, 1999). In *Nuttall*, a defendant was required to reimburse the plaintiff for fees paid to a process server for eighteen unsuccessful attempts, as well as for wages paid to an IRS agent who eventually effectuated personal service after waiting at the defendant's residence for several hours. *Nuttall*, 713 F. Supp. at 138. Placing the blame on the defendant for the need for formal service, the court

3

rebuffed the defendant's complaint that plaintiff had failed to effectuate service in a more cost-effective manner. *Id.* at 139.

Solo has made no attempt to show that she had good cause for failing to respond to the two requests for waiver of summons. The Court rejects Solo's suggestion that the absence of proof of certified mail service requires denial of Thompson's motion. A request for waiver of service is to be "dispatched through first-class mail or other reliable means." Fed. R. Civ. P. 4(d)(2)(B). *See also Walton v. Lyons*, 962 F. Supp. 126, 128 (C.D. Ill. 1997) (noting that waiver of service forms may be mailed). Thus, there is no question that she must bear the $50 cost in serving her with summons.

In addition, Solo must bear the cost of the $50 investigation fee and the $50 attempted service fee. It is true that Thompson's process server could have left the documents with Solo's husband, as he was a family member of suitable age and discretion and also likely resided at Solo's residence. But this was not absolutely clear from what the process server learned in her unsuccessful attempts, and in any event plaintiff was not required to serve process in that manner and potentially risk a future dispute over the adequacy of service. The process server continued to attempt personal service at Solo's residence on three more occasions and finally succeeded in doing so at an alternate address. The process server charged the plaintiff only $100 for the unsuccessful attempts and investigation into alternate addresses, an eminently reasonable fee.

As in *Nuttall*, any claim that the plaintiff did not serve Solo in the most cost-efficient manner is unavailing. Solo clearly violated her duty under Fed. R. Civ. P. 4(d)(2) to avoid unnecessary costs when she failed to comply with the request for waiver of service. Prior to sending the first request for waiver of service, Thompson's counsel's paralegal called Solo to

4

inform her of the lawsuit and the forthcoming waiver of service. In addition, Solo was given two separate opportunities to cooperate with Thompson's requests to waive formal service. And there is at least some basis to believe that on February 16, 2004 Solo was at home and was avoiding service. In sum, Solo was responsible for Thompson having to hire a process server in the first place and had opportunities to avoid the imposition of those costs. It is appropriate for her to bear all the costs incurred in effecting formal service.

Solo's filing of an appearance form on February 13, 2004 did not negate the need for formal service. *See Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990). In any event, due to the fact that her certificate of service accompanying the appearance form was undated, there is no way to say for certain when Solo sent the form to Thompson's counsel, and in any event there is no evidence as to when Thompson's counsel received it.

## Conclusion

For the reasons stated above, the Court grants Thompson's motion for costs of service [docket # 5-1]. Defendant Miriam Solo is directed to pay plaintiff's counsel $150 within seven days of this order.

MATTHEW F. KENNELLY
United States District Judge

Date: June 21, 2004