Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8766 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Thompson vs. Solo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court dismisses this action for lack of federal subject matter jurisdiction. Defendant's motion to dismiss (3-1) is terminated as moot. The Clerk of Court is directed to enter judgment dismissing the case for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | AUG 26 2004 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARISSE THOMPSON, )
)
        Plaintiff, )
)
vs. ) Case No. 03 C 8766
)
MIRIAM SOLO, )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 2 6 2004

MATTHEW F. KENNELLY, District Judge:

Plaintiff Charisse Thompson was a party to a contentious case before an Illinois domestic relations judge. Defendant Miriam Solo was appointed as guardian *ad litem* for one of Thompson's children with regard to a dispute over custody. Thompson resisted paying Solo's bills, believing they were padded, but the state court judge presiding over the case entered an order in April 2001 directing Thompson to pay a specified amount. In September 2001, a hearing was held in state court at which it was disclosed that Thompson had made no payments because she had been laid off from work. She also stated that she had filed for bankruptcy. Solo took the position that the order of payment remained in full force and effect anyway, and Thompson was given the opportunity to consult with counsel. Another hearing was held in November 2001. Thompson argued that the judge's order was stayed by virtue of the automatic stay provision of the Bankruptcy Code. Importuned by Solo, the judge disagreed, held Thompson in contempt, and ordered her jailed. She was held for three days.

Thompson has now sued Solo under 42 U.S.C. § 1983, alleging that she acted under color

of law and caused a violation of Thompson's rights under the Fourth Amendment. Thompson has also made a state law claim of intentional infliction of emotional distress. Solo has moved for summary judgment (converted by the Court from a motion to dismiss), arguing that state action, as required for liability under § 1983, is lacking, and that the case is barred by the doctrine of *res judicata* by virtue of a later order of the bankruptcy court that Solo says ratified her actions.

Following the Court's initial review of the parties' briefs, we identified what we perceived to be an issue implicating our subject matter jurisdiction. Specifically, it appeared that Thompson's lawsuit amounted to an attack on the state court judge's decision to hold her in contempt and incarcerate her. Under the so-called *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to review state court determinations, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and this rule may not be avoided by casting one's complaint in the form of a federal civil rights action. *See, e.g., Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Based on the Court's initial review, it appeared that the *Rooker-Feldman* doctrine barred Thompson's claims. We therefore ordered Thompson to show cause in writing why her case should not be dismissed. Thompson has now responded as ordered.

"'[T]he *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment,'" *and* "'over claims inextricably intertwined with a state court determination.'" *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (quoting *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)). Thompson argues, initially, that her claim does not meet this test. She says that her claim "is

arguably independent of [the state court] judgment. She is not claiming injury at the hands of the state court, but rather at the hands of defendant Miriam Solo." Pltf. Mem. at 2. Thompson goes on to say that

> arguably, the injuries [Plaintiff] complains of were complete only when the circuit court found her in contempt. But it is important to realize that Plaintiff does not attack, nor is she seeking to challenge in this Court, the propriety of the December 3, 2001 decision of the state court. Indeed, she is explicitly not seeking to overturn the contempt finding. Rather, Thompson seeks redress for the conduct of Defendant Miriam Solo who, acting under the color of state law, unreasonably prosecuted and incarcerated Plaintiff, in violation of Plaintiff's rights under the Fourth Amendment. ... The injuries alleged by Plaintiff then, are not the result of the state court judgment itself, but stem instead from an independent claim.

*Id.* at 4.

The Court rejects Thompson's contention that her claim is outside the scope of the *Rooker-Feldman* doctrine. Thompson's injury rather clearly stems only from her incarceration at the hands of the state court judge, as she virtually concedes in the portion of her brief quoted above. But even if that were not the case, her claim that Solo wrongfully caused her to be cited for contempt is, without question, inextricably intertwined with the state judge's decision that a contempt finding was appropriate; without the judge's ruling, Solo's alleged wrongful institution of the proceeding would be of no real consequence.

In her complaint, Thompson attacks Solo's "false and malicious charging and prosecution of Plaintiff, knowingly without probable cause, with the attendant making of false statements which resulted in further detention." Cplt. ¶ 16. More specifically, she alleges that Solo "urged and prosecuted for the incarceration of Thompson," "[w]ith full knowledge of the bankruptcy petition" Thompson had filed, and "represented to the court that the bankruptcy stay did not apply because the proceedings against Thompson were 'criminal in nature.'" *Id.* ¶ 11.

3

Thompson also alleges that Solo had her incarcerated "without evidentiary hearing and without due process." *Id.* ¶12.

Thompson's challenge to the lack of an evidentiary hearing and proper procedures is a direct attack on the process by which the state court judge determined to hold her in contempt. If this is not inextricably intertwined with the state court judgment, it is hard to imagine what would be.

Thompson's allegations that Solo wrongfully initiated contempt proceedings and misrepresented the facts or law to the state court judge, if not a direct attack on the state court judgment, certainly involve a claim that is inextricably intertwined with that judgment. The allegations amount to a contention that there was no proper basis to cite Thompson for contempt. When the state court judge ruled, he necessarily had to determine whether Solo's contentions warranted citing Thompson for contempt and jailing her. Thus he evaluated the very allegations for which Thompson claims to sue Solo here, finding them sufficient to warrant a contempt finding. The attack on Thompson for making those allegations to the judge is therefore inextricably intertwined with that judgment.

This is not a case like *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995), cited by Thompson, in which the court held that the plaintiff's claim was not barred by *Rooker-Feldman*. In that case, the court indicated that a suit alleging that a state court judgment was procured by political influence might avoid the application of the *Rooker-Feldman* doctrine. *Id.* at 1005. Similarly, this case is not governed by *Brokaw,* also cited by Thompson, in which the court indicated that a claim of a conspiracy among state officials to make false allegations of child neglect would survive application of *Rooker-Feldman,* even if those allegations had later been

4

presented to and acted upon by a court. *Brokaw*, 305 F.3d at 665. The claim in *Brokaw* was, as the Seventh Circuit phrased it in an earlier decision, "a federal claim alleging a prior injury that a state court failed to remedy,'" which *Rooker-Feldman* does not bar. *See Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999).

Thompson's claim is nothing like those. She alleges no improper influence by Solo on the state court judge – other than, of course, the perceived strength of the arguments Solo made to the judge in court – and she makes no claim of an outside-the-courthouse conspiracy that independently caused her damage. Rather, the only conduct by Solo of which Thompson complains concerns her making of false allegations *to the state court*. In short, the Court rejects Thompson's argument that the *Rooker-Feldman* doctrine does not apply to her case.

Even if Thompson were correct that her claim against Solo is independent of the state court judgment, that would not allow her claim to survive. As noted earlier, Thompson says she is suing Solo for "unreasonably prosecut[ing] and incarcerat[ing]" her. Pltf. Mem. at 4. But of course *Solo* did not incarcerate Thompson; that action was taken by the state court judge. Thompson's claim thus amounts to a claim for malicious prosecution, brought under § 1983.

The Seventh Circuit has squarely held, however, that § 1983 does not provide a cause of action for malicious prosecution. In *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), the plaintiff sued several police officers who he claimed had maliciously prosecuted him and caused his wrongful incarceration. The Seventh Circuit – though upholding a jury's verdict in the plaintiff's favor on other grounds – made it clear that malicious prosecution does not give rise to a claim of a federal due process violation cognizable under § 1983. *Id.* at 751. Illinois recognizes the tort of malicious prosecution, and thus any claim that Thompson may have arising

5

from the theory that Solo unreasonably pursued her for contempt can be brought, if at all, only in state court.

*Newsome* recognized that the Fourth Amendment provides protection from seizure without probable cause. *Id.* at 750 (discussing *Albright v. Oliver*, 510 U.S. 266 (1994)). But Thompson has no claim against Solo in this regard. Solo did not arrest or detain Thompson; it was the state court judge that ordered her detention. The claim against Solo is that she importuned the judge to do so with bogus arguments. Thus Thompson's claim against Solo is properly understood as a claim of malicious prosecution – causing the institution of charges without probable cause – a claim that *Newsome* says she cannot make under § 1983.

The *Rooker-Feldman* doctrine does not apply if the plaintiff lacked "a reasonable opportunity to raise his federal claim in state proceedings.'" *Long,* 182 F.3d at 558 (quoting *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir. 1983)). In this case, Thompson's claim is that her Fourth Amendment rights were violated, specifically, her right to be free from unreasonable arrest and seizure. *See supra* at 3 (quoting Pltf. Mem. at 4); Cplt. ¶15. Thompson says that she could not raise this claim in state court, contending that if she had tried to file suit in state court on this basis it would have been held to be preempted by the Illinois Human Rights Act.

This argument misses the point, and in any event it is based on a patent misreading of Illinois law. Thompson's federal claim is that there was an insufficient basis to jail her for contempt, and that Solo was acting maliciously. Nothing, preemption or otherwise, precluded Thompson from arguing these contentions to the state court judge as reasons not to hold her in contempt. Thus she had the opportunity that *Long* requires to assert her claim in state court.

6

Assuming (as Thompson suggests) that what *Long* requires is an opportunity to file suit for damages in state court for violation of her federal constitutional rights, Thompson likewise could have done that. The state courts have concurrent jurisdiction, along with federal courts, of claims under § 1983. *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980). Contrary to Thompson's claim, Illinois has done nothing that would preclude a § 1983 suit in state court for violation of Thompson's Fourth Amendment rights.[1] Thompson relies on the Illinois Human Rights Act, which is the exclusive remedy in Illinois for actions involving "civil rights violation[s]," 775 ILCS 5/8-111(C); she argues that because she would be suing for a violation of her civil rights, the IHRA would preempt the claim if brought in state court. Thompson has evidently overlooked the IHRA's definition of "civil rights violations," which is limited to "those specific acts set forth" in various sections of the IHRA. *Id.* 1-103(D). Those sections concern various forms of discrimination in employment, *id.* 2-102, 2-103, 2-105; in real estate transactions, *id.* 3-102, 3-103, 3-104, 3-104.1, 3-105; in making loans and issuing credit cards, *id.* 4-102, 4-103; in public accommodations, *id.* 5-102; in higher education, *id.* 5A-102; as well as retaliation for opposing certain forms of discrimination, *id.* 6-101. Thus the "civil rights violations" for which the IHRA is the exclusive Illinois remedy do not include claims of the type Thompson has made. Indeed, the state court cases Thompson cites as authority for the purported preemption of "civil rights" claims, *see Mein v. Masonite Corp.*, 109 Ill. 2d 1, 485 N.E.2d 312 (1985); *Meehan v. Illinois Power Corp.*, 347 Ill. App. 3d 761, 808 N.E.2d 555 (2004); *Brewer v. Board of Trustees*

---

[1] It is doubtful that any state rule that precluded a § 1983 claim would be valid in any event. *See Felder v. Casey*, 487 U.S. 131, 152 (1988) (Supremacy Clause preempts state rules that "alter the outcome of federal claims it chooses to entertain in its courts by demanding compliance with outcome-determinative rules that are inapplicable when such claims are brought in federal court").

*of Univ. of Illinois,* 339 Ill. App. 3d 1074, 791 N.E.2d 657 (2003); *Faulkner-King v. Wicks,* 226 Ill. App. 3d 962, 590 N.E.2d 511 (1992); *Cahoon v. Alton Packaging Corp.,* 148 Ill. App. 3d 480, 499 N.E.2d 522 (1986), all involved claims of discrimination in employment, which fall squarely within the scope of the IHRA's preemption provision. Thompson's claim does not.

Finally, even if Thompson's federal claim were not barred by the *Rooker-Feldman* doctrine, it would be barred by *res judicata,* or claim preclusion. *See Nesses,* 68 F.3d at 1004 ("When a plaintiff seeks to relitigate a suit that has been decided against him, he is not so much attacking as trying to bypass the judgment in that suit; and the doctrine that blocks him is res judicata.").

## Conclusion

For the reasons stated above, the Court dismisses this action for lack of federal subject matter jurisdiction. Defendant's motion to dismiss [docket # 3-1] is terminated as moot. The Clerk is directed to enter judgment dismissing the case for lack of subject matter jurisdiction.

Date: August 25, 2004

_____
MATTHEW F. KENNELLY
United States District Judge